1  Shamus T. O'Doherty, WSBA No. 43082
2  Brook Cunningham, WSBA No. 39270
   Randall | Danskin, P.S.
3  601 West Riverside, Suite 1500
   Spokane, Washington  99201
4  Telephone:  (509) 747-2052
   Facsimile:  (509) 624-2528
5  sto@randalldanskin.com
6  blc@randalldanskin.com
   Attorneys for Plaintiff
7

8

9           **THE UNITED STATES DISTRICT COURT**
10            **EASTERN DISTRICT OF WASHINGTON**

11                                    )
12 PYROTEK INCORPORATED,              )    No.
                                      )
13              Plaintiff,            )
                                      )
14                                    )
15 vs.                                )
                                      )    **COMPLAINT**
16 CENTRAL NATIONAL INSURANCE         )
   COMPANY OF OMAHA, ST. PAUL         )    **-and-**
17 FIRE AND MARINE INSURANCE          )
   COMPANY, THE TRAVELERS             )    **DEMAND FOR JURY TRIAL**
18 INDEMNITY COMPANY,                 )
   TRAVELERS CASUALTY AND             )
19 SURETY COMPANY, GENERAL            )
20 INSURANCE COMPANY OF               )
   AMERICA, FEDERAL INSURANCE         )
21 COMPANY, and PACIFIC               )
22 INDEMNITY INSURANCE                )
   COMPANY,                           )
23                                    )
24                                    )
               Defendants.            )
25 _____)

26

27 COMPLAINT AND DEMAND FOR JURY          **RANDALL | DANSKIN, P.S.**
   TRIAL - 1                              601 WEST RIVERSIDE, SUITE 1500
28                                        SPOKANE, WASHINGTON 99201
                                          PHONE (509) 747-2052

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This is a Complaint for breach of an insurance contract, breach of the common law duty of good faith, violations of the Consumer Protection Act, and requests for declaratory relief by Plaintiff Pyrotek Incorporated ("Pyrotek") against its insurers Central National Insurance Company of Omaha ("Central National"); St. Paul Fire and Marine Insurance Company ("St. Paul"); The Travelers Indemnity Company ("Travelers Indemnity"); Travelers Casualty and Surety Company ("Travelers Casualty") (St. Paul, Travelers Indemnity, and Travelers Casualty are collectively referred to as "the Travelers Defendants"); General Insurance Company of America ("General Insurance"); Federal Insurance Company ("Federal Insurance"); and Pacific Indemnity Insurance Company ("Pacific Indemnity") (collectively "Defendants").

Pyrotek seeks compensatory damages arising out of Defendants' failure and refusal to provide a defense without a reservation of rights and failure to provide coverage for the settlement reached in a Pennsylvania civil action titled *Iris S. Burton, Executrix of the Estate of Archie L. Burton, Deceased, and Iris S. Burton, in her own right v. Allied Glove Corporation, Ford Motor Company, Gentex Corporation, Honeywell International, Inc., f/k/a Allied Signal, Inc., as successor-in-interest to the Bendix Corporation, Mine Safety Appliance Company, Pneumo Abex, LLC, successor-in-interest to Abex Corporation, Pyrotek, Inc., Safety First*

COMPLAINT AND DEMAND FOR JURY
TRIAL - 2

RANDALL | DANSKIN, P.S.
601 WEST RIVERSIDE, SUITE 1500
SPOKANE, WASHINGTON 99201
PHONE (509) 747-2052

*Industries, Inc., also known as Safety First Supply of Canada, Ltd., successor-in-interest to Safety First Supply, Inc.*, Case No. 15-009186 (Pa. Ct. of Common Pleas) ("the Burton action"), plus pre- and post-judgment interest.  Pyrotek also seeks a declaratory judgment that Defendants are required to indemnify Pyrotek for the costs of defense and the costs of settlement incurred on behalf of Pyrotek for the Burton action.

## PARTIES, JURISDICTION, AND VENUE

1.

Pyrotek is a Washington corporation and has its principal place of business at 705 West 1st Avenue, Spokane, Washington, 99201.

2.

Upon information and belief, Central National is a Nebraska corporation with its principal place of business in Omaha, Nebraska.

3.

Upon information and belief, St. Paul, as successor in interest to USF&G Insurance Company, is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

COMPLAINT AND DEMAND FOR JURY
TRIAL - 3

RANDALL | DANSKIN, P.S.
601 WEST RIVERSIDE, SUITE 1500
SPOKANE, WASHINGTON 99201
PHONE (509) 747-2052

4.

Upon information and belief, Travelers Indemnity is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

5.

Upon information and belief, Travelers Casualty is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

6.

Upon information and belief, General Insurance is a New Hampshire corporation with its principal place of business in Boston, Massachusetts.

7.

Upon information and belief, Federal Insurance is an Indiana corporation with its principal place of business in Warren, New Jersey.

8.

Upon information and belief, Pacific Indemnity is a Wisconsin corporation with its principal place of business in Warren, New Jersey.

9.

The Court has diversity jurisdiction of this action because Plaintiff Pyrotek is domiciled and has its principal place of business in Spokane, Washington. All of the Defendants in this action are citizens of different states (not Washington),

COMPLAINT AND DEMAND FOR JURY
TRIAL - 4

**RANDALL | DANSKIN, P.S.**
601 WEST RIVERSIDE, SUITE 1500
SPOKANE, WASHINGTON 99201
PHONE (509) 747-2052

and the amount in controversy exceeds $75,000 exclusive of attorney's fees and interest.

10.

Each of the Defendants regularly transacts business in Washington and issued and delivered their respective insurance policies to Pyrotek at its headquarters in Spokane, Washington, within the Eastern District of Washington. Therefore, the United States District Court, Eastern District of Washington has personal jurisdiction over each Defendant, and venue is proper in the United States District Court, Eastern District of Washington.

## FACTUAL BACKGROUND
### THE CENTRAL NATIONAL POLICY

11.

In 1976, Central National issued to Pyrotek an "Umbrella Liability Policy," Policy No. CNU12-36-14, which was effective February 20, 1976 to April 4, 1979 and provided a $2,000,000 aggregate limit of coverage ("the Central National Policy").

12.

The Central National Policy provides coverage for third-party claims of liability against Pyrotek and requires that Central National provide a defense and

COMPLAINT AND DEMAND FOR JURY
TRIAL - 5

pay for all costs of defense and all costs of settlement (within the policy limits) of the underlying claim.

## THE TRAVELERS DEFENDANTS' POLICIES

### 13.

In 1976, Travelers Casualty's predecessor-in-interest, Aetna Insurance Company ("Aetna"), issued to Pyrotek a "Commercial Package Policy," Policy No. CPP396711, which was effective February 20, 1976 to February 20, 1979 and provided an annual $300,000 aggregate limit of comprehensive general liability coverage ("the Travelers Casualty Policy").

### 14.

In 1977, St. Paul's predecessor-in-interest, United States Fidelity and Guaranty Company ("USF&G"), issued to Pyrotek a "Master Insurance Policy," Policy No. 32656, which was effective April 4, 1977 to April 4, 1980 and provided an annual $300,000 aggregate limit of commercial general liability coverage ("the 1977 St. Paul Policy").

### 15.

In 1981, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Master Insurance Policy," Policy No. MP50753, which was effective beginning April 4, 1981 and provided an annual $500,000 aggregate limit of commercial general liability coverage ("the 1981 St. Paul Policy").

COMPLAINT AND DEMAND FOR JURY
TRIAL - 6

16.

In 1982, upon information and belief, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a comprehensive liability policy, Policy No. MP55614, which was effective beginning April 4, 1982 and provided an annual $500,000 aggregate limit of commercial general liability coverage ("the first 1982 St. Paul Policy").

17.

In 1982, upon information and belief, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a general liability policy, Policy No. MP55625, which was effective from April 4, 1982 to April 4, 1983 and provided a $500,000 aggregate limit of commercial general liability coverage ("the second 1982 St. Paul Policy").

18.

In 1984, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Master Insurance Policy," Policy No. MP056596727, which was effective beginning April 4, 1984 and provided an annual $500,000 aggregate limit of commercial general liability coverage ("the 1984 St. Paul Policy").

**RANDALL | DANSKIN, P.S.**
601 WEST RIVERSIDE, SUITE 1500
SPOKANE, WASHINGTON 99201
PHONE (509) 747-2052

19.

In 1985, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Master Insurance Policy," Policy No. MP064081017, which was effective from April 4, 1985 to April 4, 1986 and provided an annual $500,000 aggregate limit of commercial general liability coverage ("the 1985 St. Paul Policy").

20.

In 1986, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Master Insurance Policy," Policy No. MP075290391, which was effective from April 4, 1986 to April 4, 1987 and provided a $1,000,000 aggregate limit of commercial general liability coverage ("the 1986 St. Paul Policy").

21.

In 1986, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Comprehensive Excess Policy," Policy No. CEP064912331, which was effective from April 4, 1986 to April 4, 1987 and provided a $2,000,000 aggregate limit of coverage ("the 1986 St. Paul Excess Policy").

22.

In 1987, upon information and belief, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Master Insurance Policy," Policy No. MP091679269, which was effective from April 4, 1987 to April 4, 1988 and

COMPLAINT AND DEMAND FOR JURY
TRIAL - 8

RANDALL | DANSKIN, P.S.
601 WEST RIVERSIDE, SUITE 1500
SPOKANE, WASHINGTON 99201
PHONE (509) 747-2052

provided a $1,000,000 aggregate limit of commercial general liability coverage ("the 1987 St. Paul Policy").

23.

In 1987, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Comprehensive Excess Policy," Policy No. CEP093714797, which was effective from April 4, 1987 to April 4, 1988 and provided a $2,000,000 aggregate limit of coverage ("the 1987 St. Paul Excess Policy").

24.

In 1988, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a commercial general liability policy, Policy No. 1MP07742947300, which was effective from April 4, 1988 to April 4, 1989 and provided a $1,000,000 aggregate limit of commercial general liability coverage ("the 1988 St. Paul Policy").

25.

In 1988, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Master Insurance Policy," Policy No. 1MP078607694-01, which was effective from April 4, 1988 to April 4, 1989 and provided a $2,000,000 aggregate limit of commercial umbrella liability coverage ("the 1988 St. Paul Excess Policy").

COMPLAINT AND DEMAND FOR JURY
TRIAL - 9

26.

In 1989, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Master Insurance Policy," Policy No. 1MP07742947301, which was effective from April 4, 1989 to April 4, 1990 and provided a $2,000,000 aggregate limit of commercial general liability coverage ("the 1989 St. Paul Policy").

27.

In 1991, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Master Insurance Policy," Policy No. 1MP30004906800, which was effective from April 4, 1991 to April 4, 1992 and provided a $2,000,000 aggregate limit of coverage ("the 1991 St. Paul Policy").

28.

In 1992, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Master Insurance Policy," Policy No. 1MP30025560400, which was effective from April 4, 1992 to April 4, 1993 and provided a $2,000,000 aggregate limit of commercial general liability coverage ("the 1992 St. Paul Policy").

29.

In 1993, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Master Insurance Policy," Policy No. 1MP30025560401, which was effective

from April 4, 1993 to April 4, 1994 and provided a $2,000,000 aggregate limit of commercial general liability coverage ("the 1993 St. Paul Policy").

30.

In 1994, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Master Insurance Policy," Policy No. 1MP30025560402, which was effective from April 4, 1994 to April 4, 1995 and provided a $2,000,000 aggregate limit of commercial general liability coverage ("the 1994 St. Paul Policy").

31.

In 1995, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Master Insurance Policy," Policy No. 1MP30025560403, which was effective from April 4, 1995 to April 4, 1996 and provided a $2,000,000 aggregate limit of commercial general liability coverage ("the 1995 St. Paul Policy").

32.

In 1996, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Master Insurance Policy," Policy No. 1MP30025560404, which was effective from April 4, 1996 to April 4, 1997 and provided a $2,000,000 aggregate limit of commercial general liability coverage ("the 1996 St. Paul Policy").

RANDALL | DANSKIN, P.S.
601 WEST RIVERSIDE, SUITE 1500
SPOKANE, WASHINGTON 99201
PHONE (509) 747-2052

33.

In 1997, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Master Insurance Policy," Policy No. 1MP30025560405, which was effective from April 4, 1997 to April 4, 1998 and provided a $2,000,000 aggregate limit of commercial general liability coverage ("the 1997 St. Paul Policy").

34.

In 1998, St. Paul's predecessor-in-interest, USF&G, issued to Pyrotek a "Master Insurance Policy," Policy No. 1MP30025560406, which was effective from April 4, 1998 to April 4, 1999 and provided a $2,000,000 aggregate limit of commercial general liability coverage ("the 1998 St. Paul Policy").

35.

In 1999, St. Paul's predecessor-in-interest, Travelers Indemnity, issued to Pyrotek a commercial general liability policy, Policy No. CKO1900837, which was effective from April 4, 1999 to April 4, 2000 and provided a $1,000,000 aggregate limit of commercial general liability coverage ("the 1999 St. Paul Policy").

36.

The Travelers Defendants' Policies provide coverage for third-party claims of liability against Pyrotek and require that the Travelers Defendants provide a

COMPLAINT AND DEMAND FOR JURY
TRIAL - 12

**RANDALL | DANSKIN, P.S.**
601 WEST RIVERSIDE, SUITE 1500
SPOKANE, WASHINGTON 99201
PHONE (509) 747-2052

defense and pay for all costs of defense and all costs of settlement (within the policy limits) of the underlying claim.

## THE GENERAL INSURANCE POLICY

### 37.

In 1973, General Insurance issued to Pyrotek a "Commercial Policy," Policy No. CP 487489, which was effective February 20, 1973 to February 20, 1976 and provided an annual $1,000,000 aggregate limit of coverage ("the General Insurance Policy").

### 38.

The General Insurance Policy provides coverage for third-party claims of liability against Pyrotek and requires that General Insurance provide a defense and pay for all costs of defense and all costs of settlement (within the policy limits) of the underlying claim.

## THE FEDERAL INSURANCE POLICY

### 39.

In 1983, Federal Insurance issued Pyrotek a "Comprehensive Liability Insurance Policy," Policy No. MP35226348, which was effective April 4, 1983 to April 4, 1984 and provided a $500,000 aggregate limit of comprehensive liability coverage ("the Federal Insurance Policy").

COMPLAINT AND DEMAND FOR JURY
TRIAL - 13

40.

The Federal Insurance Policy provides coverage for third-party claims of liability against Pyrotek and requires that Federal Insurance provide a defense and pay for all costs of defense and all costs of settlement (within the policy limits) of the underlying claim.

## THE 1995 FEDERAL INSURANCE POLICY

41.

In 1995, Federal Insurance issued to Pyrotek an Umbrella Policy, Policy No. 9633160, which was effective April 4, 1995 to April 4, 1996 and provided a $2,000,000 aggregate limit of coverage ("the 1995 Federal Policy").

42.

The 1995 Federal Policy provides coverage for third-party claims of liability against Pyrotek and requires that Federal provide a defense and pay for all costs of defense and all costs of settlement (within the policy limits) of the underlying claim.

## THE BURTON ACTION

43.

Pyrotek is a global supplier of commercial metal products such as aluminum and steel. Pyrotek operates manufacturing plants and warehouses in a number of states, including the State of Pennsylvania.

COMPLAINT AND DEMAND FOR JURY
TRIAL - 14

44.

The Plaintiff in the Burton action ("the Burton Plaintiff") alleged in her Complaint ("the Burton Complaint") that Pyrotek "engaged in the distribution, supply, sale, contracting, installation, removal and/or specification of asbestos-containing products" to which the Burton Plaintiff's decedent was exposed. The Burton Plaintiff further alleged the exposure caused the Burton Plaintiff's decedent to contract mesothelioma. Based on those allegations, the Burton Plaintiff brought causes of action for strict products liability, negligence, and loss of consortium against Pyrotek.

45.

The Burton Plaintiff filed the Burton Complaint on May 22, 2015 and effected service of process upon Pyrotek.

46.

Thereafter, Pyrotek filed its Answer to the Burton Complaint therein denying all allegations of wrongdoing.

47.

Pyrotek timely notified Defendants of the Burton action.

COMPLAINT AND DEMAND FOR JURY
TRIAL - 15

48.

Defendants have each wrongfully denied coverage under their respective policies for the Burton action by purporting to rely on inapplicable exclusions and other provisions of the subject policies.

49.

Defendant General Insurance purported to defend Pyrotek in the Burton action under a reservation of rights but has wrongfully failed to pay any defense costs.

50.

Defendants Central National and Federal Insurance defended Pyrotek in the Burton action under a reservation of rights but have failed to pay any defense costs.

51.

The Travelers Defendants wrongfully refused to defend or indemnify Pyrotek in the Burton action.

52.

Penn National Insurance Company ("Penn") defended Pyrotek in the Burton action pursuant to the insurance agreement between Penn and Pyrotek, and the Burton action was settled for a confidential amount at mediation on August 23, 2016.

COMPLAINT AND DEMAND FOR JURY
TRIAL - 16

RANDALL | DANSKIN, P.S.
601 WEST RIVERSIDE, SUITE 1500
SPOKANE, WASHINGTON 99201
PHONE (509) 747-2052

53.

Pyrotek paid a confidential amount toward the total settlement.

54.

None of Defendants paid any amount toward the total settlement under the subject policies described hereinabove.

55.

Pyrotek has complied with all conditions precedent under the respective policies; such compliance has been waived or excused; or Defendants are estopped from asserting such conditions as a defense.

## COUNT I - BREACH OF INSURANCE CONTRACT

56.

The allegations in Paragraphs 1 through 55 above are hereby realleged in their entirety and fully incorporated by reference.

57.

The Burton action asserted claims that fall within the scope of Defendants' respective policies, thereby triggering Defendants' duty to pay all costs of settlement incurred on behalf of Pyrotek for the Burton action.

COMPLAINT AND DEMAND FOR JURY
TRIAL - 17

58.

Defendants materially breached their obligations under their respective policies by failing and refusing to pay all costs of settlement incurred on behalf of Pyrotek for the Burton action.

59.

Pyrotek is entitled to recover all damages arising out of Defendants' breaches of their respective policies in an amount to be proven at trial, including but not limited to the confidential amount Pyrotek paid toward settlement of the Burton action.

WHEREFORE, Premises Considered, Pyrotek demands judgment against Defendants for compensatory damages, pre- and post-judgment interest, and litigation expenses, including reasonable attorneys' fees, and such further, other, or different relief to which Pyrotek may be entitled.

## COUNT II - BREACH OF COMMON LAW DUTY OF GOOD FAITH

60.

The allegations in Paragraphs 1 through 59 above are hereby realleged in their entirety and fully incorporated by reference.

COMPLAINT AND DEMAND FOR JURY
TRIAL - 18

61.

Defendants each failed to uphold their obligation of good faith and fair dealing with respect to Pyrotek's interests.

62.

Defendants each failed to make decisions regarding settlement and defense of the Burton action as if no policy limit of liability existed and thus failed to give equal consideration to Pyrotek's interests.

63.

Defendant General Insurance, purporting to defend Pyrotek in the Burton action under a reservation of rights, failed to thoroughly investigate the cause of the loss and the nature and severity of Pyrotek's injuries; failed to advise Pyrotek of the reservation of rights and all developments relevant to the General Insurance Policy; and failed to refrain from doing anything that demonstrated a greater concern for General Insurance's monetary interest than for Pyrotek's financial risk in the Burton action.

64.

Defendants Central National and Federal Insurance, defending Pyrotek in the Burton action under a reservation of rights, failed to thoroughly investigate the cause of the loss and the nature and severity of Pyrotek's injuries; failed to advise

Pyrotek of the reservation of rights and all developments relevant to their respective policies and the progress of the lawsuit; and failed to refrain from doing anything that demonstrated a greater concern for their respective monetary interests than for Pyrotek's financial risk in the Burton action.

65.

The Burton action asserted claims that fall within the scope of Defendants' respective policies, thereby triggering Defendants' duty to defend Pyrotek, pay all costs of defense, and pay all costs of settlement incurred on behalf of Pyrotek for the Burton action.

66.

Defendants breached their obligations under their respective policies by failing and refusing to pay all costs of settlement incurred on behalf of Pyrotek for the Burton action.

67.

Defendants General Insurance, Central National, Pacific Indemnity, and Federal Insurance also breached their obligations under their respective policies by failing and refusing to pay all of Pyrotek's costs of defense for the Burton action.

COMPLAINT AND DEMAND FOR JURY
TRIAL - 20

RANDALL | DANSKIN, P.S.
601 WEST RIVERSIDE, SUITE 1500
SPOKANE, WASHINGTON 99201
PHONE (509) 747-2052

68.

The Travelers Defendants also breached their obligation under their respective policies by failing and refusing to defend Pyrotek in the Burton action.

69.

Defendants' actions were unreasonable, frivolous, and unfounded.

70.

Defendants' actions breached their respective duties of good faith and fair dealing to Pyrotek.

71.

Pyrotek suffered damages as a result of Defendants' breach of the duty of good faith and fair dealing.

72.

Pyrotek is entitled to recover all damages arising out of Defendants' breach of the duty of good faith in an amount to be proven at trial, including but not limited to, the confidential amount Pyrotek paid toward settlement of the Burton action.

WHEREFORE, Premises Considered, Pyrotek demands judgment against Defendants for all damages allowable arising from the Defendants' bad faith, and

COMPLAINT AND DEMAND FOR JURY
TRIAL - 21

its litigation expenses, including reasonable attorneys' fees, and such further, other, or different relief to which Pyrotek may be entitled.

## COUNT III – VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT

73.

The allegations in Paragraphs 1 through 72 above are hereby realleged in their entirety and fully incorporated by reference.

74.

Each Defendant is a person within the meaning and coverage of the Washington Consumer Protection Act, RCW 19.86, et seq. ("CPA").

75.

The CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." RCW 19.86.020.

76.

Each Defendant's breach of the duty of good faith constitutes a violation of the CPA.

77.

Defendants' unfair or deceptive acts or practices occurred in the course of trade or commerce.

COMPLAINT AND DEMAND FOR JURY
TRIAL - 22

RANDALL | DANSKIN, P.S.
601 WEST RIVERSIDE, SUITE 1500
SPOKANE, WASHINGTON 99201
PHONE (509) 747-2052

78.

Defendants' unfair or deceptive acts or practices impacted the public interest.

79.

Defendants' unfair or deceptive acts or practices directly and proximately caused damage to Pyrotek's business.

80.

Pyrotek is entitled to recover from Defendants all damages allowed under the CPA for Defendants' violations of the CPA.

WHEREFORE, Premises Considered, Pyrotek demands judgment against Defendants for all damages allowable arising from the Defendants' violations of the CPA, including treble damages pursuant to RCW 19.86.090 and its litigation expenses, including reasonable attorneys' fees, and such further, other, or different relief to which Pyrotek may be entitled.

## COUNT IV - DECLARATORY JUDGMENT

81.

The allegations in Paragraphs 1 through 80 above are hereby realleged in their entirety and fully incorporated by reference.

COMPLAINT AND DEMAND FOR JURY
TRIAL - 23

82.

Defendants' respective policies require Defendants to indemnify Pyrotek for the costs of defense and the costs of settlement incurred on behalf of Pyrotek for the Burton action.

83.

Defendants have each claimed they are not required to indemnify Pyrotek for the costs of defense and the costs of settlement incurred on behalf of Pyrotek for the Burton action.

84.

As such, an actual controversy has arisen and presently exists between Pyrotek and Defendants.

85.

Pursuant to 28 U.S.C. § 2201, *et seq.*, Pyrotek requests a declaratory judgment that Defendants are required to indemnify Pyrotek for the costs of defense and the costs of settlement incurred on behalf of Pyrotek for the Burton action.

WHEREFORE, Premises Considered, Pyrotek demands a declaratory judgment as set forth above, and its litigation expenses, including reasonable

RANDALL | DANSKIN, P.S.
601 WEST RIVERSIDE, SUITE 1500
SPOKANE, WASHINGTON 99201
PHONE (509) 747-2052

attorneys' fees, and such further, other, or different relief to which Pyrotek may be entitled.

## **PRAYER FOR RELIEF**

WHEREFORE, Pyrotek respectfully prays that:

(a)     Pyrotek be awarded damages for breach of contract against each Defendant in an amount sufficient to compensate it for all expenses and loss it has incurred in connection with the Burton action, including, without limitation, all investigation costs, costs of settlement, and pre- and post-judgment interest;

(b)     Pyrotek be awarded damages for breach of the common law duty of good faith against each Defendant in an amount sufficient to compensate it for all expenses and loss it has incurred in connection with the Burton action, including, without limitation, all investigation costs, costs of settlement, and pre- and post-judgment interest;

(c) Pyrotek be awarded damages for violations of the Washington Consumer Protection Act against each Defendant in an amount sufficient to compensate it for all expenses and loss it has incurred in connection with the Burton action, including, without limitation, all investigation costs, costs of settlement, and pre- and post-judgment interest;

RANDALL | DANSKIN, P.S.
601 WEST RIVERSIDE, SUITE 1500
SPOKANE, WASHINGTON 99201
PHONE (509) 747-2052

(d) The Court declare that Defendants are required to indemnify Pyrotek for the costs of defense and the costs of settlement incurred on behalf of Pyrotek for the Burton action;

(e)    Pyrotek be awarded attorney fees, costs, interests and expenses as permitted by law;

(f)    Pyrotek be awarded all damages allowed under the Consumer Protection Act for Defendants' violations of said Acts, including treble damages pursuant to RCW 19.86.090; and

(g)    Pyrotek be awarded any further relief as the Court deems equitable and just.

## JURY TRIAL DEMAND

Pyrotek hereby demands a trial by jury of all issues so triable.


Respectfully submitted, this 15th day of September, 2016.


RANDALL | DANSKIN, P.S.


By:_____/s/ Shamus T. O'Doherty_____
          Shamus T. O'Doherty, WSBA No. 43082
          Brook Cunningham, WSBA No. 39270
          601 West Riverside, Suite 1500
          Spokane, Washington, 99201
          Telephone:  (509) 747-2052

COMPLAINT AND DEMAND FOR JURY
TRIAL - 26

Facsimile: (509) 624-2528
sto@randalldanskin.com
blc@randalldanskin.com
Attorneys for Plaintiff


BARNES & THORNBURG LLP


By:      */s/ James Leonard*
      James Leonard, GA No. 446655
      3475 Piedmont Road, N.E., Suite 1700
      Atlanta, Georgia 30305
      Telephone:  (404) 846-1693
      Facsimile: (404) 264-4033
      Jim.Leonard@btlaw.com
      Attorneys for Plaintiff
      Pro Hac Admission Request Forthcoming

COMPLAINT AND DEMAND FOR JURY
TRIAL - 27